Henry J. Kalinowski, J.
The case before this court presents a novel situation that seems to be one of first impression. Here a miscreant is in effect attempting to subvert justice by using the language of a statute to avoid paying his debt to society.
The defendant pled guilty to criminal trespass in the second degree in violation of section 140.15 of the Penal Law. He was sentenced to one year in the county jail, said term to run consecutively to his present incarceration.
The motion before the court is to set aside the imposed sentence on the grounds that it violates the mandate of section 208 of the Mental Hygiene Law.
The court is aware of the language used in paragraph a of subdivision 4 of section 208 of the Mental Hygiene Law and of the imperative nature given to the phrase ‘ ‘ shall be certified ’ ’. The court is also aware of the cases that have interpreted this statute. Nevertheless, this court cannot upon this fact pattern, in good conscience, grant defendant’s request for a resentencing.
When the defendant appeared before this court for sentencing he had already received the requisite medical examination pursuant to section 207 of the Mental Hygiene Law, and was certified an addict; moreover, in open court and on the record, he declared himself to be an addict. Defendant informed the court he was serving nine months for parole violation, that five months had been served with four months remaining. The presen *799 tencing report revealed that defendant is 18 years of age, has been arrested five times and convicted three times and is now serving time for violation of parole in connection with two of the earlier convictions. His record shows him to be a confirmed recidivist and a heroin addict supporting an $85 per day habit for the past five years. On two prior occasions the defendant was admitted to medical facilities for detoxification, each time returning to the use of drugs. The report also states that the defendant is presently awol from the United States Army and that a military detainer has been issued against him.
As stated earlier, this court is mindful of the application of paragraph a of subdivision 4 of section 208 of the Mental Hygiene Law. However, the purpose of this statute is to rehabilitate the addict and to protect society (People ex rel. Ali v. La Vallee, 36 A D 2d 140). This court is cognizant of the crowded conditions prevailing in Narcotic Control Addiction Commission facilities and the limited space for incoming addicts. The records indicate the defendant is presently on a methadone maintenance program, commenced upon his sentencing for parole violation. At the completion of his present sentence the defendant presumably will have been detoxified. If he were then certified as an addict he would probably be found no longer addicted at that time. In the normal course of events he would be released almost immediately. Because of his demonstrated recidivism and insatiable need for drugs, society might once again fall prey to his apparently established criminal pattern.
The decisions appear to be based upon a literal interpretation of the statute. That the greatest good was intended by the enactment of the statute cannot be doubted. However, the court doubts that the Legislature intended the statute be used by a criminal to maneuver his way out of paying his debt to society.
The court must look at the legislative intent to discover the true interpretation of a statute. As was so aptly expressed by John Chipman Gray in his treatise, The Nature and Sources of the Law (§ 370): “ Interpretation is generally spoken of as if its chief function was to discover what the meaning of the legislature really was. The fact is that the difficulties of so-called interpretation arise when the legislature has no meaning at all; when the question which is raised on the statute never occurred to it; when what the judges have to do is, not to determine what the legislature did mean on a point which was present to its mind, but to guess what it would have intended on a point not present to its mind had the point been present.”
*800 Unfortunately, the facts in this ease are such that they do not occur with enough frequency to' have an impact on the Legislature. A legislative body cannot possibly foresee all the ramifications that would arise from the enactment of a given statute. It is the function of the judiciary to meet unforeseen situations, look at all the facts, and render a decision that will do substantial justice in a given situation, or, as is stated in McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 113 “to limit their application in order to avoid absurd, unjust, or other objectionable results ”. (Pierson v. People, 79 N. Y. 424.)
While the language of subdivision 4 of section 208 of the Mental Hygiene Law may imply that a court must certify a defendant to the-Narcotic Control Addiction Commission, the facts in this case indicate such a certification would be futile. As Justice Kupfermah so ably stated in his dissent in People v. Carter (39 A D 2d 537) “ No statute would mandate an absolutely useless act to no purpose or avail ”.
Defendant’s motion is accordingly denied.